UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL ALOFF et al., | CASE NO. 3:25-cv-05834-DGE |
| Plaintiffs, | ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al., | |
| Defendants. | |

Plaintiffs Cheryl Aloff and Kimberly Pulido brought this action against Defendants The Prudential Insurance Company of America ("Prudential") and Clay Lacy Aviation, Inc. ("Clay Lacy") alleging that Defendants violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), when they failed to pay accidental death and dismemberment ("AD&D") benefits following the death of their husbands.  (Dkt. No. 1.)  Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).  (Dkt. Nos.

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 1

14, 24.)  For the reasons addressed below, the Court GRANTS the motions to dismiss.

## I      BACKGROUND

### A.  Factual Background[1]

Aloff and Pulido are the respective wives and beneficiaries of Paul Berliner and Darrin Towe, two pilots employed by Clay Lacy.  (Dkt. No. 1 at 3–4.)  On February 7, 2024, Towe and Berliner died in an airplane crash.  (*Id.* at 2–4.)  Plaintiffs both sought AD&D benefits pursuant to Clay Lacy's employee life insurance policy, which was funded and administered by Prudential, and governed by ERISA.  (*Id.* at 3–5.)  Prudential denied both Plaintiffs' claims.  (*Id.* at 4.)  Plaintiffs appealed their respective claim denial, and Prudential denied both appeals.  (*Id.*)  Plaintiffs allege "[i]n both denial letters and in both appeal denial letters, Prudential cited to the same exclusion as basis to deny AD&D life insurance benefits, a so-called aviation exclusion." (*Id.*)

Plaintiffs allege the aviation exclusion either "does not apply[,]" or, if applicable, "should be stricken and the life insurance policy construed in favor of coverage" because "[n]o aviation employer should be permitted to negotiate and buy life insurance policies for its pilots excluding AD&D benefits for aviation-related deaths."  (*Id.*)  Plaintiffs argue Clay Lacy and Prudential "negotiated the so-class aviation exclusion to the life insurance policy to protect Clay Lacy's bottom line."  (*Id.* at 5.)  According to Plaintiffs, because Clay Lacy knew, or should have known, this exclusion could mean no AD&D coverage for the death of any Clay Lacy pilot operating an airplane, Clay Lacy's representation of being an employer offering airplane pilot employees fully paid life insurance benefits was false or misleading.  (*Id.*)  Additionally,

---

[1] The factual allegations taken in Plaintiffs' complaint are taken as true for purposes of this motion.

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 2

Prudential "knew or should have known of this glaring representation and of its falsity or misleadingness." (*Id.*)

**B. Procedural Background**

On September 18, 2025, Plaintiffs sued Defendants for (1) recovery of plan benefits under ERISA, (2) breach of fiduciary duties, (3) equitable relief, (4) violation of California's Unfair Competition Law ("UCL"), and (5) violation of Washington's Consumer Protection Act ("WCPA"). (*Id.* at 5–10.) On November 5, 2025, Prudential moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6). (Dkt. No. 14.) On November 21, 2025, Clay Lacy moved to dismiss pursuant to Rule 12(b)(6). (Dkt. No. 24.)

**II    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id.* at 555. The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 547. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 3

notice or by exhibit.  Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

### III    ANALYSIS

As an initial matter, Prudential attached to its motion to dismiss two documents entitled "Clay Lacy Aviation Inc. Corporate Executives other than Connecticut Executives," and "Clay Lacy Aviation Inc. Group Contract."  (*See* Dkt. Nos. 14-2, 14-3.)  Prudential alleges these documents represent the decedents' life insurance policies, and the Court should consider them because Plaintiffs referred to them in the complaint.  (Dkt. No. 14 at 1–3, 5.)  Plaintiffs argue the Court should not consider these documents because Prudential offers no explanatory description, and their "facial applicability is questionable" because "neither deceased pilot was a Clay Lacy executive."  (Dkt. No. 25 at 10.)  Prudential also attached to its reply a letter addressed to Aloff denying her request for AD&D benefits.  (Dkt. No. 27 at 16–19.)  The letter cites an exclusion entitled "Losses Not Covered" from "Group policy G-61476" as the basis for the denial.  (*Id.*)

In reviewing a motion to dismiss under Rule 12(b)(6), a court may "consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (quoting *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994); *see also United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").  However, the court cannot consider any

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 4

documents incorporated by reference in a complaint if the authenticity of those documents is contested.  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–682 (9th Cir. 2006).  The requirement of mutual agreement regarding authenticity is consistent with the requirements for taking judicial notice of documents.  *See* Fed. R. Evid. 201(b)(2) (authorizing judicial notice of facts "not subject to reasonable dispute" found in sources "whose accuracy cannot reasonably be questioned").

Because Plaintiffs contest the authenticity of the documents attached to Prudential's motion to dismiss, the Court does not consider them.[2]  Furthermore, the Court is unsure whether the group policy recited within the denial letter is a true and accurate reflection of the "aviation exclusion" discussed in Plaintiffs' complaint.  Because there is a question of fact as to the authenticity and reproduction of the policy terms, the Court also will not consider this document.

### A. Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B)

Plaintiffs' first cause of action is for violation of 29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B).  (Dkt. No. 1 at 5.)  § 1132(a)(1)(B) provides, in relevant part, that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  "To state a claim under [29 U.S.C. § 1132(a)(1)(B)], a plaintiff must allege facts that established (1) the existence of an ERISA plan as well as (2) the provisions of the plan that entitle it to benefits."  *Reiten v. Blue Cross of Cal.*, No. 2:19-cv-05274-AB-AFMx, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (citation omitted).  A

---

[2] Clay Lacy attaches to its motion to dismiss seemingly identical documents as attached to Prudential's motion to dismiss.  (*Compare* Dkt. No. 14-2, 14-3 *to* Dkt. No. 29.)  For the same reasons as stated above, the Court does not consider these documents.

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 5

§ 1132(a)(1)(B) claim for benefits "stands or falls by 'the terms of the plan.'" *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 300 (2009).

"A plan is established if a reasonable person 'can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'" *Id.* (citation omitted). "Accordingly, a plaintiff who brings a claim for benefits under ERISA must identify a specific plan term that confers the benefit in question." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1155 (C.D. Cal. 2015) (internal quotation marks omitted).

Prudential argues that Plaintiffs "fail to cite any Plan term that would entitle them to AD&D benefits," and instead "*concede*. . . that the Plan as written does not authorize AD&D benefits to be paid when an insured suffers a loss while performing as an airplane pilot." (Dkt. No. 14 at 6.) Plaintiffs allege the aviation exclusion "does not apply," and if it "could apply, it should be stricken and the life insurance policy construed in favor of coverage on multiple legal grounds." (Dkt. No. 1 at 4.) Plaintiffs may allege that the aviation exclusion does not apply, but they do not actually allege AD&D benefits "were covered under the terms of the relevant plans or describe the plan terms that would support such coverage." *Almont Ambulatory Surgery Ctr.*, 99 F. Supp. 3d at 1158; *see also Brand Tarzana Surgical Inst., Inc. v. Blue Cross Blue Shield of Ill.*, No. 18-cv-08443-DSF-AS, 2019 WL 12338413, at *1 (C.D. Cal. Apr. 22, 2019) (collecting cases). In short, the complaint lacks any factual allegations identifying the AD&D benefit terms or why Plaintiffs are entitled to coverage under such terms. Therefore, the Court concludes that Plaintiffs have failed to state a claim for violation of § 1132(a)(1)(B).

Clay Lacy also argues that it is not the proper defendant for a claim for benefits under § 1132(A)(1)(B) because it has "no authority to resolve benefit claims or any responsibility to

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 6

pay them." (Dkt. No. 24 at 4.)  The Ninth Circuit held that "proper defendants under § 1132(a)(1)(B) for improper denial of benefits at least include ERISA plans, formally designated plan administrators, insurers or other entities responsible for payment of benefits, and de facto plan administrators that improperly deny or cause improper denial of benefits." *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770 F.3d 1282, 1297 (9th Cir. 2014).  Suits under § 1132(a)(1)(B) to recover benefits may be brought "against the plan as an entity *and against the fiduciary of the plan.*"  *Hall v. Lhaco, Inc.,* 140 F.3d 1190, 1194 (8th Cir.1998) (emphasis added) (collecting cases).  A fiduciary is any entity that "exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . [or] has any discretionary authority or discretionary responsibility in the administration of such plan."  29 U.S.C. § 1002(21)(A); *see LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.,* 703 F.3d 835, 844–845 (5th Cir. 2013) (holding that a third-party administrator that neither was designated as the plan administrator nor was responsible for paying claims was nonetheless a proper defendant based on the control it exercised over benefits claims processing).  Plaintiffs does not allege Clay Lacy had any authority or responsibility in the administration of the insurance policy.[3]

The Court DISMISSES Plaintiff's first cause of action against both Defendants for failure to state a claim upon which relief can be granted.  However, the Court will grant leave to amend.

---

[3] Plaintiffs argues in their response that "on the face of a document filed by Prudential, Clay Lacy is identified as the 'Plan Administrator,' which is sufficient legal grounds under legal precedent for this Section 501(a)(1)(B) claim." (Dkt. No. 28 at 5–6.)  But Plaintiffs previously argued that the Court should not consider these documents. (Dkt. No. 25 at 10–11.)  Plaintiffs cannot have it both ways.

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 7

**B.  Breach of Fiduciary Duties Under 29 U.S.C. §§ 1104, 1105, and 1109**

"To establish an action for equitable relief under . . . 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must violate ERISA-imposed fiduciary obligations."  *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (internal citation and quotations omitted).  In other words, the elements Plaintiff must prove to prevail on the claim under § 1132(a)(3) for breach of fiduciary duty are: (1) Defendant Prudential and Defendant Clay Lacy were plan fiduciaries; (2) Defendant Prudential and Defendant Clay Lacy breached their fiduciary duties; and (3) the breach caused harm to Plaintiffs.  *See LYMS, Inc. v. Millimaki*, No. 08-CV-1210-GPC-NLS, 2013 WL 1147534, at *9 (S.D. Cal. Mar. 19, 2013) (citing *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 465 (7th Cir. 2005)).

    1.  Plan Fiduciaries

Prudential argues that Plaintiffs do not plausibly allege that it acted as an ERISA fiduciary.  (Dkt. No. 14 at 6–7.)  ERISA provides the following definition of a fiduciary:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A); *Santomenno v. Transamerica Life Ins. Co.*, 883 F.3d 833, 837 (9th Cir. 2018).  Because a person[4] is a fiduciary under this provision only "to the extent" the person engages in the listed conduct, a person may be a fiduciary with respect to some actions but not

---

[4] ERISA's definition of "person" includes "corporation[s]" and other "association[s]."  29 U.S.C. § 1102(9).

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 8

others. *Pegram v. Herdrich*, 530 U.S. 211, 225–226 (2000) (quoting 29 U.S.C. § 1002(21)(A)); *see Acosta v. Brain*, 910 F.3d 502, 519 (9th Cir. 2018) ("[W]e must distinguish between a fiduciary 'acting in connection with its fiduciary responsibilities' with regard to the plan, as opposed to the same individual or entity 'acting in its corporate capacity.' Only the former triggers fiduciary status; the latter does not." (internal citation omitted)). The central question is "whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram*, 530 U.S. at 226.

According to the complaint, Plaintiffs made life insurance claims to Prudential, who denied the benefit claims and denied the subsequent appeals. (*See* Dkt. No. 1 at 4.) Thus, it has been sufficiently alleged that Prudential processes and pays claims to plan beneficiaries and conducts the first-level appeal for benefit denials. This requires Prudential to interpret the life insurance policy to determine whether to pay claims and whether to uphold benefit denials on appeal. In short, Prudential has the authority to grant, deny, and review denied claims. Any one of these abilities would be sufficient to confer fiduciary status under ERISA. *See King v. Blue Cross and Blue Shield of Ill.*, 871 F.3d 730, 746 (9th Cir. 2017). Thus, Plaintiffs plausibly allege Prudential acted as a fiduciary.

However, as stated above, Plaintiffs fail to allege facts as to whether Clay Lacy acted as an ERISA fiduciary. Plaintiffs' second and third causes of action against Clay Lacy are DISMISSED on this basis.

2. Breach of Fiduciary Duties

Notwithstanding Defendants' fiduciary status, Plaintiffs must further plead plausible facts that Defendants breached their fiduciary duties. Plaintiffs claim that Defendants breached their fiduciary duties by: (1) failing to pay benefits to Plaintiffs with knowledge that Plaintiffs were

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 9

entitled to such benefits; (2) collecting life insurance premiums knowing Towe and Berliner could "never benefit from the policy's illusory coverage"; (3) placing their own interests ahead of Plaintiffs and the life insurance policy; and further breached their (4) duty of due care, *see* 29 U.S.C. § 1104(a)(1)(B), and (5) duty of loyalty, *see* 29 U.S.C. § 1104(a)(1)(A).  (Dkt. No. 1 at 7.)  Plaintiffs allege that because of Defendants' breaches, they "have not received the benefits to which they are entitled to under the life insurance plan." (*Id.*)  Though Plaintiffs are not clear as to *how* Defendants breached each of these fiduciary duties, the Court construes the complaint as alleging Defendants breached these duties by not acting in accordance with the life insurance policy plan and failing to pay AD&D benefits.  Because Plaintiffs fail to state a claim as to whether they are entitled to AD&D benefits under ERISA, Plaintiffs' theory that Defendants breached their fiduciary duties by failing to pay such benefits must also be dismissed for failure to state a claim.[5]  Therefore, the Court DISMISSES Plaintiffs' second and third causes of action against both Defendants with leave to amend.

### C.  State Law Claims: UCL and WCPA

Plaintiffs allege Defendants violated the UCL by "violat[ing] the plain language of ERISA[;]" purchasing and issuing a life insurance policy that barred any aviation-related death; and advertising "life insurance" to its employees different than commonly understood by the average person.  (Dkt. No. 1 at 9–10.)  The UCL prohibits "unfair competition" which includes "any unlawful, unfair or fraudulent business act[.]"  Cal. Bus. & Prof. Code § 17200.  Plaintiffs

---

[5] Defendants argues Plaintiffs' "claim-decision-based fiduciary breach also fail because they impermissibly repackage the § 1132(a)(1)(B) claim for benefits." (Dkt. Nos. 14 at 11; 24 at 6–7.)  Because the Court dismisses Plaintiffs' breach of fiduciary duty claims for failure to state a claim, the Court does not reach this argument.  However, the Court notes a plaintiff could plead alternative theories of recovery under § 1132(a)(1)(B) and § 1132(a)(3), so long as the plaintiff does not ultimately "obtain[ ] double recoveries."  *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 960 (9th Cir. 2016).

further allege Defendants violated the WCPA by "violat[ing] ERISA" and engaged in "unfair and deceptive" conduct which injured Plaintiffs' property. (*Id.* at 10.) Defendants argue that both UCL and WCPA are preempted by ERISA. (Dkt. Nos. 14 at 12–14; 24 at 7–8.)

"ERISA expressly preempts 'any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'" *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (quoting 29 U.S.C. § 1144(a)). "To provide some 'workable standards' for determining the scope of § 1144(a), the [Supreme] Court has identified 'two categories' of state-law claims that 'relate to' an ERISA plan—claims that have a 'reference to' an ERISA plan, and claims that have 'an impermissible "connection with"' an ERISA plan." *Depot, Inc.*, 915 F.3d at 665 (quoting *Gobeille v. Liberty Mut. Ins. Co.*, 577 U.S. 312, 319 (2016)) (citation omitted). "A state-law claim has a 'reference to' an ERISA plan if it is premised on the existence of an ERISA plan or if the existence of the plan is essential to the claim's survival." *Depot, Inc.*, 915 F.3d at 665 (citation omitted, internal quotation marks omitted). "A claim has an impermissible 'connection with' an ERISA plan if it governs a central matter of plan administration or interferes with nationally uniform plan administration, . . . or if it bears on an ERISA-regulated relationship[.]" *Id.* at 666 (internal citation and quotation marks omitted). Courts "look to the objectives of the ERISA statute as a guide, bearing in mind a starting presumption that Congress did not intend to supplant state laws regulating a subject of traditional state power unless that power amounts to a direct regulation of a fundamental ERISA function." *Id.* (citation and internal quotation marks omitted). "ERISA's preemption provision functions even when the state action purports to authorize a remedy unavailable under the federal provision." *Wise v. Verizon Commc'ns, Inc.*, 600 F.3d 1180, 1190 (9th Cir. 2010) (citation omitted, cleaned up).

The savings clause protects from express preemption "any law of any State which regulates insurance, banking, or securities."  29 U.S.C. § 1144(b)(2)(A).

According to complete preemption, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore barred[.]"  *Depot, Inc.*, 915 F.3d at 667 (citation omitted).  Complete "preemption can bar a state-law claim even if the elements of the state cause of action do not precisely duplicate the elements of an ERISA claim, . . . but a state-law claim is not preempted if it reflects an attempt to remedy a violation of a legal duty independent of ERISA[.]"  *Id.* (citation omitted, cleaned up).  "State-law claims are based on other independent legal duties when they are in no way based on an obligation under an ERISA plan and would exist whether or not an ERISA plan existed."  *Id.* (citation omitted).

Defendants argue Plaintiffs' state law claims are expressly preempted because they seek recovery for loss of insurance benefits. (Dkt. Nos. 14 at 13; 24 at 7–8.)  They further argue that the state law claims both have an impermissible reference to the ERISA plan, as both are premised on the existence of the insurance policy.  (*Id.*)  The Court agrees with Defendants that where Plaintiffs' state law claims seek recovery for the loss of insurance benefits, the claim is expressly preempted by ERISA.  *Wise*, 600 F.3d at 1191 ("The state law theories of fraud, misrepresentation, and negligence all depend on the existence of an ERISA-covered plan to demonstrate that [the plaintiff] suffered damages: the loss of insurance benefits.").  Plaintiffs are seeking to secure allegedly covered benefits through the alternative means of state law claims.  (*See* Dkt. No. 1 at 9–10.)  Plaintiff explicitly states that Defendants' acts "constitute unlawful business acts or practices [under the UCL] because Defendants violated the plain language of

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 12

ERISA," and Defendants are liable under WCPA because "Defendants' conduct violates ERISA." (*Id.*)

Moreover, Plaintiffs concede the state-law claims are preempted to the extent that ERISA applies. (*See* Dkt. Nos. 28 at 14; 25 at 24.) However, they argue the state-law claims are alternatively pled and remain valid "until and unless the defendants meet their burden to show that ERISA applies." (Dkt. No. 28 at 14; *see also* Dkt. No. 25 at 24.) At the same time, Plaintiffs' first cause of action unambiguously asserts their claim is "to recover benefits, enforce rights, and/or clarify rights to benefits under ERISA." (Dkt. No. 1 at 5.) Neither Defendant asserts Plaintiffs claims are not governed by ERISA.

The Court therefore DISMISSES Plaintiff's fourth and fifth causes of action with prejudice.

### D. Leave to Amend

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990).

Here, Plaintiffs have not requested leave to amend. Nonetheless, this is the first time the Court has ruled on the sufficiency of Plaintiffs' complaint, and it is possible the deficiencies the

Court has identified above may be cured by the allegation of additional facts. *Id.* Accordingly, Plaintiffs are granted leave to amend.

### IV    CONCLUSION

Accordingly, and having considered Defendants' motions to dismiss, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Prudential's and Clay Lacy's motions to dismiss (Dkt. Nos. 14, 24) are GRANTED. Any amended complaint must be filed no later than March 3, 2026.

Dated this 17th day of February, 2026.

David G. Estudillo
United States District Judge

ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 14, 24) - 14