UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| CHERYL ALOFF, beneficiary to life insurance benefits of Paul M Berliner, and KIMBERLY PULIDO, beneficiary to life insurance benefits of Darrin Towe,<br><br>Plaintiffs,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, CLAY LACY AVIATION, INC.,<br><br>Defendants. | No. 3:25-cv-05834<br><br>AMENDED COMPLAINT |

## I. INTRODUCTION

1.1. Two experienced pilots died in a tragic plane crash caused by mechanical failure, deemed an "accidental Loss" by Prudential Insurance Company of America ("Prudential").

1.2. Their employer, aviation company Clay Lacy Aviation, Inc. ("Clay Lacy"), holds itself out as providing employee-pilots with life insurance, but Clay Lacy's insurer, Prudential, denied Accidental Death & Dismemberment Coverage life insurance benefits by invoking a so-called aviation exclusion.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1.3. The negotiation, purchase, issuance, and renewal of a life insurance policy with an exclusion only for *work-related* aviation deaths is not the industry standard for an aviation employer.

1.4. On contractual, equitable, and public policy grounds—to make no mention of the sense of human decency—the exclusion should not be enforced.

1.5. The pilots' survivors—named beneficiaries to the life insurance policy—are owed life insurance death benefits, the payment of which is purpose of this action.

## II. JURISDICTION AND VENUE

2.1. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this case involves ERISA claims.

2.2. The Court has supplemental jurisdiction over non-ERISA claims under 28 U.S.C. § 1367.

2.3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as all parties are diverse and the amount in controversy exceeds $75,000.

2.4. This Court has jurisdiction over each defendant, because each party is either a citizen of Washington, has sufficient minimum contacts in Washington, or intentionally avails itself of the Washington market so as to render the exercise of jurisdiction over it by Washington courts consistent with traditional notions of fair play and substantial justice.

2.5. Pursuant to 29 U.S.C. section 1132(e)(2), venue in this action lies in the United States District Court for the Western District of Washington because violations and breaches alleged took place in Gig Harbor, Washington, a city within its district; and both defendants do business within this district.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

## III. THE PARTIES

3.1. Plaintiff Cheryl Aloff and Plaintiff Kimberly Pulido are named beneficiaries to Prudential Group Policy G-61476-CA ("the life insurance policy") issued for the benefit of Clay Lacy employees, Co-pilot Darrin Towe and Flight Captain Paul Berliner.

3.2. Plaintiff Cheryl Aloff resides in Gig Harbor, Washington, where she and former partner Mr. Berliner resided at the time of his employment with Clay Lacy. Ms. Aloff is a named beneficiary of Mr. Berliner.

3.3. Plaintiff Kimberly Pulido resides in Hood River, Oregon. Her former partner, Mr. Towe, resided in Port Ludlow, Washington at the time of his employment with Clay Lacy. Ms. Pulido is a named beneficiary of Mr. Towe.

3.4. Defendant Clay Lacy Aviation, Inc. is an aviation company based in Los Angeles, California that negotiated and purchased the life insurance policy and employed Mr. Berliner and Mr. Towe.

3.5. Defendant The Prudential Insurance Company of America is an insurer based in Newark, New Jersey that negotiated and issued the life insurance policy and on information and belief does business in all 50 states.

## IV. FACTUAL ALLEGATIONS

4.1. Clay Lacy describes itself as, "the world's most experienced operator of private jets."

4.2. On information and belief, in 2017 Clay Lacy and Prudential negotiated the terms of the life insurance plan, Prudential Group Policy G-61476-CA.

4.3. On its face, the Accidental Death and Dismemberment Coverage appears broadly applicable, because the insurer will pay "benefits for accidental Loss[,]" with Loss defined as "loss



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

of life[.]" Payment of this benefit is contingent on *inter alia* "an accidental bodily injury while a Covered Person[.]"

4.4. But the Accidental Death and Dismemberment Coverage may not apply where an exclusion applies, including any loss resulting from "(8) Travel or flight in any vehicle used for aerial navigation[.]" ("the aviation exclusion")

4.5. The aviation exclusion does not exclude coverage in a typical commercial flight, e.g., if a Clay Lacy pilot rode as a passenger on a commercial airplane that crashed.

4.6. Instead, on its face, the aviation exclusion applies only to three circumstances, two apt here: where "the person is performing as a pilot or crew member" or is "riding as a passenger in an aircraft owned, leased, or operated by your Employer [Clay Lacy]."

4.7. In other words, the aviation exclusion excludes Accidental Death and Dismemberment Coverage for the foreseeable, but unfortunate work-related deaths of aviation pilots employed by an aviation company.

4.8. Unlike Clay Lacy, other aviation companies negotiate and purchase life insurance policies for their aviation employees without such an aviation exclusion.

4.9. On information and belief, Clay Lacy and Prudential know or should know this.

4.10. From 2017 forward, including at the time that Clay Lacy hired Mr. Berliner and Mr. Towe and at the time of the tragic plane crash, Clay Lacy knew or should have known that, if applicable, the aviation exclusion would result in no Accidental Death & Dismemberment Coverage for the death of *any* Clay Lacy pilot operating an airplane for Clay Lacy.

4.11. Despite this, Clay Lacy held itself out and represented publicly that it was an employer offering its airplane pilot employees "fully paid" benefits including "life insurance."



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.12. Clay Lacy made this representation to Mr. Towe and Mr. Berliner, and it was false or misleading.

4.13. Clay Lacy knew or should have known of this glaring misrepresentation and of its falsity or misleadingness.

4.14. Prudential collected premiums despite its knowledge that Clay Lacy pilots operating Clay Lacy airplanes could never benefit from this "coverage."

4.15. Yet neither Prudential nor Clay Lacy modified the policy.

4.16. On February 7, 2024, Mr. Towe and Mr. Berliner departed Grand Junction Regional Airport, Grand Junction, Colorado, for Gig Harbor, Washington, operating a Hawker 900XP airplane. Just the day before, the airplane had been returned to service after completion of routine maintenance.

4.17. Mr. Towe and Mr. Berliner were experienced pilots who operated the airplane at the direction of their employer, Clay Lacy, which managed the airplane.

4.18. The airplane crashed in Westwater, Utah after a rapid descent of multiple plane rotations that resembled the shape of a corkscrew. [1]

4.19. Mr. Towe and Mr. Berliner died immediately upon impact.

4.20. Their deaths were "accidental bodily injuries."

4.21. Ms. Aloff made a life insurance claim with Prudential for Accidental Death and Dismemberment Coverage benefits owed for Mr. Berliner's death.

4.22. Prudential denied Ms. Aloff's claim by letter dated October 17, 2024.

[1] The reason for the airplane crash does not bear on the merits of this lawsuit, which seeks life insurance benefits and is distinct from any possible wrongful death action that the pilots may bring.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.23. Prior to the benefits denial, a Prudential employee forecasted the decision to Ms. Aloff in a telephone call. When Ms. Aloff expressed surprise about the anticipated decision, the Prudential employee said words to the effect of, "[d]on't blame us [Prudential]. This is Clay Lacy, they were the ones to put the [aviation] exclusion in [the life insurance policy]."

4.24. Ms. Aloff appealed the claim denial, a request that Prudential denied by letter dated May 23, 2025.

4.25. Ms. Pulido also made a life insurance claim with Prudential for Accidental Death and Dismemberment Coverage benefits owed for Mr. Towe's death.

4.26. Prudential denied Ms. Pulido's claim by letter dated June 10, 2024.

4.27. Ms. Pulido appealed the claim denial, a request that Prudential denied by letter dated March 27, 2025.

4.28. In both denial letters and in both appeal denial letters Prudential cited to the aviation exclusion as basis to deny benefits.

4.29. For multiple legal and equitable reasons (*see* Count One below), the aviation exclusion to the life insurance policy does not apply.

4.30. No aviation employer should be permitted to negotiate and buy life insurance policies for its pilots that exclude benefits for aviation-related deaths. And in practice, on information and belief, the life insurance policy applicable here departs from the industry standard.

4.31. On information and belief, Clay Lacy and Prudential negotiated the so-called aviation exclusion to the life insurance policy to protect Clay Lacy's bottom line. From that time and thereafter, Clay Lacy knew or should have known that, if applicable, this exclusion could mean no Accidental Death and Dismemberment Coverage for the death of *any* Clay Lacy pilot operating an airplane for Clay Lacy.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

4.32. Clay Lacy and Prudential each themselves or by their agents or employees share responsibility for the denial of Accidental Death and Dismemberment Coverage. Both defendants are jointly and severally liable for the damages incurred as a result of their misconduct.

## V. CAUSES OF ACTION

### COUNT ONE —

### (Recovery of Plan Benefits [29 U.S.C. § 1132(a)(1)(B)])

### (Against both Defendants by Plaintiffs)

5.1. This is a claim to recover benefits, enforce rights, and/or clarify rights to benefits under ERISA pursuant to 29 U.S.C. section 1132(a)(1)(B).

5.2. The life insurance plan constitutes an "employee benefit plan" within the meaning of 29 U.S.C. section 1002, *et seq.*, as an employee welfare benefit plan providing benefits in the event of an employee's death.

5.3. At all times relevant to this action, Plaintiffs as beneficiaries to the plan were both owed benefits within the meaning of 29 U.S.C. section 1002, *et. seq*.

5.4. Clay Lacy and Prudential each possessed discretionary authority or control over payment of benefits and are each individually liable for benefits due and improperly withheld.

5.5. The deaths of Mr. Berliner and Mr. Towe on February 7, 2024 constitute “loss of life” and trigger payment of benefits under the Accidental Death and Dismemberment Coverage.

5.6. The aviation exclusion should not be interpreted to exclude payment of the Accidental Death and Dismemberment Coverage. If it were, this would make the Accidental Death and Dismemberment Coverage illusory, unconscionable, and objectionable on equitable, contractual, and public policy grounds.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.7. Despite Plaintiffs' entitlement to benefits, Defendants improperly and unlawfully failed to pay them.

5.8. As a proximate result of Defendants' actions, Plaintiffs have been deprived of benefits to which they are entitled and thus have suffered damages.

5.9. Under 29 U.S.C. section 1132(a)(1)(B), Plaintiffs are entitled to sue for a judicial determination and enforcement of their rights.

5.10. Plaintiffs are also entitled to and seek recovery of attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. section 1132(g).

**COUNT TWO — SECOND CAUSE OF ACTION**

**(Breach of Fiduciary Duties [29 U.S.C. §§ 1104, 1105, and 1109])**

**(Against All Defendants)**

5.11. Clay Lacy and Prudential each separately and individually owe fiduciary duties and obligations to Plaintiffs.

5.12. Defendants failed to use the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use (29 U.S.C. section 1104(a)(1)(B)).

5.13. Defendants did this by means of their negotiation, issuance, and continued renewal of a life insurance policy that could never provide Accidental Death & Dismemberment Coverage to the employee pilots of an aviation company.

5.14. Further, Clay Lacy affirmatively held itself out to Mr. Towe and Mr. Berliner and represented publicly that it was an employer offering its airplane pilot employees "fully paid" benefits including "life insurance," but this was false or misleading.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

5.15. Clay Lacy knew or should have known of this glaring misrepresentation and of its falsity or misleadingness, which breached fiduciary duties owed.

5.16. And on its part, Prudential breached fiduciary duties owed by continuing to collect premiums despite its knowledge that the life insurance policy departed from the practice of other insurers of aviation companies and that Clay Lacy pilots operating Clay Lacy airplanes—including Mr. Towe and Mr. Berliner—could never benefit from this "coverage" for the foreseeable, but unfortunate crash of a Clay Lacy airplane.

5.17. In short, Defendants placed their own interests ahead of both Plaintiffs and the life insurance plan.

5.18. These fiduciary duty breaches harmed Plaintiffs.

5.19. In the alternative, even if each Defendant did not breach their own fiduciary duties, each defendant is liable as a co-fiduciary under 29 U.S.C. section 1105(a).

5.20. As a result of Defendants' multiple breaches of their duties owed, Plaintiffs have not received the benefits to which they are entitled under the life insurance plan, and they have been required to hire legal counsel to protect their interests.

5.21. Plaintiffs are entitled to be made whole under ERISA through an order enforcing the provisions of the life insurance plan, or alternatively, entitled to the equitable remedies available under ERISA, plus accumulated interest, reasonable attorneys' fees and costs, and such other relief as may be appropriate pursuant to 29 U.S.C. section 1132(a)(2) and (3).

5.22. Specifically, this Court should issue appropriate equitable relief, either through: equitable surcharge (in an amount equal to Plaintiffs' losses); equitable reformation (by rewriting or modifying the Plan and eliminating the aviation exclusion); or equitable estoppel (by estopping



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Defendants from denying benefits owed due to their representations about "life insurance benefits" to Clay Lacy employee pilots).

5.23. And this Court should enjoin Defendants from renewing the life insurance policy as currently issued, so that that the policy will benefit Clay Lacy employees whose employment involves travel or flight in any vehicles used for aerial navigation.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1. A judicial declaration that Plaintiffs are entitled to benefits under the life insurance plan;

2. An award of benefits to Plaintiffs under the life insurance plan;

3. A judicial declaration that Defendants, and each of them, have breached their ERISA fiduciary duties;

4. An Order compelling Defendants to provide a made whole remedy to Plaintiffs in the form of equitable surcharge, equitable reformation, or equitable estoppel;

5. A judicial determination that Plaintiffs are entitled to the equitable remedy of injunctive relief as sought herein;

6. An award for prejudgment and post-judgment interest and attorney fees and costs;

7. An Order awarding costs to Plaintiffs pursuant to 29 U.S.C. section 1132(g);

8. An Order awarding attorneys' fees to Plaintiffs pursuant to 29 U.S.C. section 1132(g)(1); and

9. For such further relief as the Court deems appropriate and just.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

DATED this 3rd day of March, 2026.

By: *s/ Nathan L. Nanfelt*
Benjamin J. Lantz, WSBA #25057
Nathan L. Nanfelt, WSBA #45273
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: blantz@kellerrohrback.com
Email: nnanfelt@kellerrohrback.com