UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL ALOFF, beneficiary to life insurance benefits of Paul M Berliner, and KIMBERLY PULIDO, beneficiary to life insurance benefits of Darrin Towe,<br><br>Plaintiff,<br><br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, CLAY LACY AVIATION, INC.<br><br>Defendants. | Case No. 3:25-cv-05834-DGE<br><br>**CLAY LACY AVIATION, INC.'S MOTION TO DISMISS** |

Defendant Clay Lacy Aviation, Inc. ("Clay Lacy"), pursuant to Fed. R. Civ. P. 12(b)(6), moves the Court for an Order which dismisses Plaintiffs' Amended Complaint (ECF. No. 32) against it with prejudice. In support of this Motion, Clay Lacy states as follows:

## I. INTRODUCTION

Plaintiffs, beneficiaries under an ERISA[1] welfare benefit plan (the "Plan") sponsored by Clay Lacy, seek accidental death & dismemberment ("AD&D") benefits insured by Defendant, The Prudential Insurance Company of America ("Prudential"), and other relief under ERISA §§ 502(a)(2) and (3). Not only do Plaintiffs fail to allege that Clay Lacy is a proper party to their claim, but also they fail to allege that a claim under ERISA even exists. Rather than provide

[1] The Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.*



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-929-2759

#1151990v1

Plaintiff a third bite at the proverbial apple, this Court, instead, should dismiss Clay Lacy from the Amended Complaint with prejudice and award Clay Lacy a reasonable attorney fee under ERISA § 502(g).

## II. ALLEGATIONS AND DOCUMENTS INCORPORATED BY REFERENCE

At all relevant times, Clay Lacy provided its corporate executives, managers, pilots, flight crew, and other eligible employees with group life and AD&D coverage under the Plan through a group insurance issued by Prudential. (Am. Compl. ¶¶ 1.1, 1.2, 1.5, 3.1, 3.4, 3.5; *see* **Ex. A**.)[2] The Plan shows that Clay Lacy fully pays for basic life and basic AD&D coverage for all eligible employees, including pilots. (*See* **Ex. A**, at Schedule of Benefits, pp. 4-5, 9-11.) That said, the Plan, excludes AD&D coverage when "the person is performing as a pilot or crew member" or is "riding as a passenger in an aircraft owned, leased, or operated by your Employer [Clay Lacy]." (*Id.* p. 41; *see* Am. Compl., ¶ 4.6.) Plaintiff alleges that "other aviation companies negotiate and purchase life insurance policies for their aviation employees without such an aviation exclusion." (Am. Compl. ¶ 4.8.)

On February 7, 2024, Mr. Towe and Mr. Berliner (collectively, the "Decedents"), while piloting an airplane for and at the direction of Clay Lacy, crashed and died upon impact. (Am. Compl. ¶¶ 3.1, 4.17-4.19.) Their widows subsequently filed claims for basic life and AD&D benefits under the Plan. (*Id.* ¶¶ 4.21, 4.25.) Based on the aviation exclusion referenced above, Prudential denied their claims and upheld its denials on the widows' subsequent administrative appeals. (*Id.* ¶¶ 4.22, 4.24, 4.26-4.28.)

In their Amended Complaint, Plaintiff allege that Clay Lacy "possessed discretionary authority or control over payment of benefits;" violated its alleged fiduciary duties of prudence

---

[2] Although he originally contested the authenticity of the Plan documents (*see* ECF No. 25 at 10), counsel for Plaintiffs accepted a declaration from a corporate representative from Prudential attesting to the authenticity of the Booklet-Certificate attached to this Motion as **Ex. A**. (*See* Feb. 23-26, 2026, e-mail exchange between N. Nanfelt and S. Hebert with attachments, attached to this Motion as **Composite Ex. B.**)



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-929-2759

and loyalty by "negotiation, issuance, and continued renewal of a life insurance policy that could never provide Accidental Death & Dismemberment Coverage to the employee pilots of an aviation company;" and falsely "represented publicly that it was an employer offering its airplane pilot employees 'fully paid' benefits including 'life insurance.'" (*Id.* ¶¶ 5.4, 5.12-5.14.) As relief, Plaintiffs seek recovery of plan benefits under ERISA § 502(a)(1)(B) (Count One); equitable relief under ERISA §§ 502(a)(2) and (3) (Count Two); and attorney fees under ERISA § 502(g).

## III. ARGUMENT

To "weed[] out meritless claims," *Fifth Third Bancorp v. Dudenhoeffer,* 573 U.S. 409, 425 (2014), an ERISA plaintiff must plead sufficient facts from which the Court reasonably may infer "that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Accord Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, district courts need not accept legal conclusions, especially where, as here, they "are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998) (citation omitted). *See Sgro v. Danone Waters of N. Am., Inc.,* 532 F.3d 940, 942 n.1 (9th Cir. 2008) ("We're allowed to consider the plan documents, even on a motion to dismiss, because Sgro refers to them in his complaint.") (citation omitted).

### A. <u>Count One Does Not State a Claim against Clay Lacy</u>.

A plan administrator that, like Clay Lacy, has no authority to resolve benefit claims or any responsibility to pay them is not a proper defendant to a claim for benefits under ERISA § 502(a)(1)(B). *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) (*en banc*). The reason lies in the "two hats" rule: an employer is a fiduciary only "to the extent" that it performs a fiduciary function. *Accord* 29 U.S.C. 1002(21)(A). *See Pegram v. Herdrich,* 530 U.S. 211, 225-26 (2000) ("In every case charging breach of ERISA fiduciary duty, … the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint."). Because the Plan shows that Clay Lacy neither administers AD&D claims nor pays AD&D benefits, it is not a proper party to Plaintiffs'



O'HAGAN MEYER PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-929-2759

#1151990v1

claim in Count One. *See McIver v. Metro. Life Ins. Co.*, 2022 U.S. Dist. LEXIS 138310, at *8 n.1 (C.D. Cal. May 23, 2022) (named fiduciary status is not dispositive of whether entity is proper defendant to a claim for breach of fiduciary duty); *Brown v. J.B. Hunt Transp. Servs*., 586 F.3d 1079, 1088 (8th Cir. 2009) (dismissing ERISA § 502(a)(1)(B) claim against employer in fully-insured plan, where, as here, insurer had total control over appeals and was responsible for payment of benefits).

To the extent that Clay Lacy was properly named as a party, which is denied, Plaintiffs still fail to state a claim. Plaintiffs do not contend that the Plan's aviation exclusion is ambiguous, and do not dispute that, on its face, it applies. Because benefits are not payable under the terms of the Plan, Plaintiffs do not state a claim under ERISA § 502(a)(1)(B).

**B. Count Two Fails to State a Claim Against Clay Lacy.**

As a matter of law, claims under ERISA § 502(a)(2) must be brought on behalf of the Plan. *Accord* 29 U.S.C. 1132(a)(2). Because Plaintiffs bring their claims on behalf of themselves in their individual capacities, this Court should dismiss their ERISA § 502(a)(2) claims with prejudice.

Plaintiffs also do not state a claim under ERISA § 502(a)(3). As noted above, an employer is a fiduciary only "to the extent" that it performs a fiduciary function. *Accord* 29 U.S.C. 1002(21)(A); *Pegram,* 530 U.S. at 225-26. As noted above, the Plan forecloses Plaintiff's ability to allege that Clay Lacy had any authority or responsibility in the administration of AD&D claims or payment of benefits. Absent those allegations, Plaintiffs have not shown that Clay Lacy is a fiduciary subject to liability under ERISA § 502(a)(3).

In any event, the conduct that Plaintiffs have challenged – the negotiation for and purchase of a group AD&D policy with an AD&D exclusion – is not a fiduciary act. *See, generally, Lockheed Corp. v. Spink,* 517 U.S. 882, 890-91 (1996) (act of amending, or failing to amend, a plan is not a fiduciary but instead a settlor act under ERISA); *Bryant v. Food Lion, Inc.*, 774 F. Supp. 1484, 1487 (D.S.C. 1991) ("D]efendants' choice of a vesting schedule was a settlor act rather than a fiduciary act, and thus, their motivations for such decision were not subject to judicial



**O'HAGAN MEYER PLLC**
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-929-2759

second-guessing."). On this basis alone, this Court should dismiss their claim under ERISA § 502(a)(3).

Last, Exhibit A to this Motion vitiates that Clay Lacy made any misrepresentations about offering "fully paid" life and AD&D coverage to pilots. Indeed, Exhibit A shows that this alleged representation was correct. (*See* **Ex. A**, at Schedule of Benefits, pp. 4-5, 9-11.)

Alternatively, Count Two fails because it is a repackaged claim seeking benefits under the Plan. Relief under ERISA § 502(a)(3) is not "appropriate" where, as here, other provisions of ERISA's civil enforcement scheme "provide adequate relief for a beneficiary's injury." *Varity Corp. v. Howe,* 516 U.S. 489, 515 (1996). *See, e.g., Watkins v. Westinghouse Hanford Co.,* 12 F.3d 1517, 1528 n.5 (9th Cir. 1993) ("It makes no difference that the Watkinses' claim is equitable in nature. The Court in Mertens looked to the substance of the remedy sought (*i.e.,* injunction versus damages) rather than the label placed on that remedy."); *Toohey v. Wyndham Worldwide Corp.,* 673 F. Supp. 2d 1223, 1230 (D. Or. 2009) ("Because § 502(a)(1)(B) provides plaintiffs with a specific remedy, they may not seek relief under § 502(a)(3).") (citations omitted); *Brady v. United Omaha Life Ins. Co.,* 902 F. Supp. 2d 1274, 1285 (N.D. Cal. 2012) (granting motion to dismiss plaintiff's request for attorney's fees and costs under ERISA § 1132(a)(3) as duplicative).

**C. <u>Clay Lacy Should Receive a Reasonable Attorney Fees and Costs under ERISA.</u>**

To the extent that this Court grants this second Motion to Dismiss, Clay Lacy respectfully requests that this Court exercise its discretion and award it a reasonable attorney fee and costs. *Accord Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010); *Hummell v. S.E. Rykoff & Co*., 634 F.2d 446 (9th Cir. 1980); 29 U.S.C. § 1132(g). *Hardt* supports an award of fees, as it requires Clay Lacy to show only that it achieved "some success." 560 U.S. at 255-56. Also, the majority of the *Hummell* factors supports an award of fees as well.[3] Because ERISA makes clear

[3] The five *Hummell* factors are: "(1) the degree of the opposition party's culpability; (2) the ability to satisfy a fee award; (3) the degree to which a fee award will deter similar, future conduct; (4) whether the relief sought would benefit other Plan participants or resolve a significant legal



O'HAGAN MEYER PLLC
1420 Fifth Avenue, Suite 2200
Seattle, WA 98101
Telephone: 206-929-2759

"on its face [that] the playing field is level[,]" *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997), Plaintiffs and/or their attorney should be ordered to pay Clay Lacy's fees for having to defend these claims.

## IV. CONCLUSION

Based on the foregoing, this Court should grant Clay Lacy's Motion and dismiss all claims against it with prejudice.

Dated: March 13, 2026

Respectfully submitted,

**O'HAGAN MEYER, PLLC**

*/s/ Joelle C. Sharman*
Joelle C. Sharman *(Admitted Pro Hac Vice)*
jsharman@ohaganmeyer.com
One Alliance Center
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Telephone: 770-891-0213

*/s/ Michael S. Metta*
Michael S. Metta *(Admitted Pro Hac Vice)*
mmetta@ohaganmeyer.com
140 Kendrick Street Bldg. C
Needham, MA 02494
Telephone: 617-843-6800

*Bradley Krupicka*
Bradley Krupicka
bkrupicka@ohaganmeyer.com
805 SW Broadway, Suite 2280
Portland, OR 97205
Telephone: 971-315-0651

*Counsel for Defendant Clay Lacy Aviation, Inc.*

---

question under ERISA; and (5) the relative merits of the parties' positions." 634 F.2d at 453.

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: March 13, 2026

**O'HAGAN MEYER, PLLC**

*/s/ Joelle C. Sharman*

Joelle C. Sharman *(Admitted Pro Hac Vice)*
jsharman@ohaganmeyer.com
One Alliance Center
3500 Lenox Road, Suite 1500
Atlanta, GA 30326
Telephone: 770-891-0213

*Counsel for Defendant Clay Lacy Aviation, Inc.*