Hon. David G Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

CHERYL ALOFF, beneficiary to life insurance benefits of Paul M Berliner, and KIMBERLY PULIDO, beneficiary to life insurance benefits of Darrin Towe,

Plaintiffs,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, CLAY LACY AVIATION, INC.,

Defendants.

No. 3:25-cv-05834

PLAINTIFFS' OPPOSITION TO DEFENDANT CLAY LACY AVIATION, INC.'S MOTION TO DISMISS AMENDED COMPLAINT

NOTED FOR APRIL 10, 2026

ORAL ARGUMENT REQUESTED



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. BACKGROUND ........ 1

A. Clay Lacy failed to pay Accidental Death & Dismemberment benefits due to beneficiaries in breach of its contractual and fiduciary duties. ........ 1

III. ARGUMENT ........ 3

A. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. ........ 3

B. Clay Lacy is a “fiduciary” and properly-named defendant. ........ 4

C. Plausible contract defenses alleged in Count One, Section 502(a)(1)(B) (failure to pay benefits), bar enforcement of the aviation exclusion. ........ 5

D. Plaintiffs plausibly allege fiduciary breaches of prudence and loyalty, Count Two. ........ 7

IV. CONCLUSION ........ 9




KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adler v. Fred Lind Manor*,
153 Wn.2d 331 (2004)......6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)......3

*Christine S. v. Blue Cross Blue Shield of New Mexico*,
428 F.Supp.3d 1209 (D.Utah 2019)......8

*Cyr v. Reliance Standard Life Ins. Co.*,
642 F.3d 1202 (9th Cir. 2011)......4

*Cyr v. Reliance Std. Life Ins. Co.*,
525 F.Supp.2d 1165 (9th Cir. 2007)......5

*Gilligan v. Jamco Dev. Corp.*,
108 F.3d 246 (9th Cir. 1997)......4

*Goodpaster v. Prizer, Inc.*,
35 Wn.App. 199 (Div. I 1983) (Washington)......6

*Gregory v. Texasgulf, Inc.*,
Civ. No. B-84-88 (WWE), 1990 U.S. Dist. LEXIS 13230 (D. Conn. Sep. 27, 1990) *affirmed on appeal*, *Gregory v. Texasgulf, Inc.*, 992 F.2d 320 (2d Cir. 1993)......9

*Hall v. Regence BlueCross BlueShield of Or./HMO Or.*,
Civil No. 00-695-AS, 2001 U.S. Dist. LEXIS 9856 (D. Or. Mar. 6, 2001)......5, 6

*Hoogerwerf v. Cellular Tech. Ser, Inc.*,
101 Wn.App. 1029 (Div. I 2000) (Washington)......6

*Koala v. Khosla*,
931 F.3d 887 (9th Cir. 2019)......3

*MacDonald v. CashCall, Inc.*,
883 F.3d 220 (3rd Cir. 2018)......6

*Ofir v. Transamerica Premier Life Ins. Co.*,
No. 17cv1544-MMA (JMA), 2018 U.S. Dist. LEXIS 36754 (S.D. Cal. Mar. 6, 2018)......7



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Pitsko v. Gordon Food Servs.*,
No. 3:24cv1055, 2025 U.S. Dist. LEXIS 178127 (M.D. Pa. Sep. 11, 2025) ....8

*Platt v. Sodexo, S.A.*,
148 F.4th 709 (9th Cir. 2025) ....5

*Sanchez v. Valencia Holding Co., LLC*,
61 Cal.4th 899 (2015) ....6

*Steiner v. Thexton*
48 Cal.4th 411 (2010) (California) ....6

*Warmenhoven v. NetApp, Inc.*,
13 F.4th 717 (9th Cir. 2021) ....8

*Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*,
135 F.3d 658 (9th Cir. 1998) ....4

**Statutes**

29 U.S.C. § 1104(a) ....8

29 U.S.C. § 1132(a)(1)(B), ERISA § 502(a)(1)(B) ....4, 5

U.C.C. § 2-302 ....6

**Rules**

Fed. R. Civ. P. 9(b) ....3

Fed. R. Civ. P. 12(b)(6) ....3

## I. INTRODUCTION

Two experienced pilots died in a tragic plane crash caused by mechanical failure that Defendant Prudential Insurance Company of American ("Prudential") deemed an "accidental loss." Their employer, Defendant Clay Lacy Aviation, Inc. ("Clay Lacy") is an aviation employer that purportedly provides employee-pilots with life insurance, but Prudential denied Plaintiffs' life insurance coverage upon their spouses' deaths, invoking an aviation exclusion After the denial, Prudential told a shocked Plaintiff Aloff, a then widow, something to the effect of:, "[d]on't blame us [Prudential]. This is Clay Lacy, they were the ones to put the [aviation] exclusion in the [Plan]."

Contrary to Clay Lacy's actions of *excluding* employee *work-related* aviation deaths from its chosen life insurance policy, in actuality, the industry standard for aviation employers like Clay Lacy *includes work -related* aviation deaths in the negotiation, purchase, issuance, and renewal of a life insurance policy. On contractual, equitable, and public policy grounds, the exclusion should not be enforced (Count One). And in view of this industry standard, the continued enforcement of the exclusion breaches fiduciary duties of prudence and loyalty (Count Two).

Clay Lacy's plausibility challenge of the Amended Complaint fails, and the Motion must be denied.

## II. BACKGROUND

### A. Clay Lacy failed to pay Accidental Death & Dismemberment benefits due to beneficiaries in breach of its contractual and fiduciary duties.

Clay Lacy describes itself as "the world's most experienced operator of private jets." Am. Compl. ¶ 4.1. On information and belief, in 2017 Clay Lacy and Prudential negotiated terms of the life insurance plan at issue in this case and applicable to all employee-pilots ("the Plan" or "the contract"). *Id. See generally*, Dkt Nos. 34-1, 34-2. On its face, the Plan's Accidental Death and Dismemberment Coverage appears broadly applicable, requiring Prudential to pay "benefits for accidental Loss[,]" with "Loss" defined as "loss of life[.]" *Id*. ¶¶ 4.2, 4.3; Dkt. No. 34-1 at 45.

However, the Accidental Death and Dismemberment Coverage may not apply where an exclusion applies, including any loss resulting from "(8) Travel or flight in any vehicle used for aerial navigation[.] ("the aviation exclusion")" Am. Compl. ¶ 4.4; Dkt. No. 34-1 at 48. But the exclusion is narrowed to only three specific circumstances, two applicable here: where the person is "performing as a pilot or crew member" or is "residing as a passenger in an aircraft owned, leased, or operated by your Employer [Clay Lacy]." *Id.* ¶ 4.6; *id.* In other words, the aviation exclusion does *not* exclude coverage for a typical commercial flight, e.g., if a Clay Lacy pilot were to ride as a passenger on a commercial plane that crashed, but the aviation exclusion *does* exclude payment of benefit for all work-related deaths of aviation pilots employed by an aviation company. *Id.* ¶¶ 4.5, 4.7.

Unlike Clay Lacy, other aviation companies negotiate and purchase life insurance policies for their aviation employees without such an aviation exclusion. *Id.* ¶ 4.8. From 2017 forward, including at the time that Clay Lacy hired Mr. Berliner and Mr. Towe, Clay Lacy knew or should have known that the aviation exclusion would result in an Accidental Death & Dismemberment Coverage for the death of *any* Clay Lacy pilot operating an airplane for Clay Lacy. *Id.* ¶ 4.10. Despite this, Clay Lacy held itself out and represented publicly that it was an employer offering its stable of airplane pilot employees "fully paid" benefits, including "life insurance." *Id.* ¶ 4.11. This was false or misleading, and Clay Lacy knew or should have known of this glaring misrepresentation and of its falsity or misleadingness. *Id.* ¶ 4.12.

Clay Lacy employee-pilots, Mr. Towe and Mr. Berliner, died from operation of a Clay Lacy aircraft, and Plaintiffs made life insurance claims with Prudential. Am. Compl. ¶¶ 4.17-4.19. Clay Lacy denied the claims of both plaintiffs on the same grounds, the aviation exclusion. *Id.* ¶¶ 4.22, 4.26, 4.28. Prior to the benefits denial, Plaintiff Aloff talked to a Prudential employee, who forecasted the denial decision. When Plaintiff Aloff expressed surprise, the Prudential employee said words to the effect of, "[d]on't blame us [Prudential]. This is Clay Lacy, they were the ones to put the [aviation] exclusion in [the life insurance policy]." *Id.* ¶ 4.23.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

The life insurance policy here departs from the industry standard. Am. Compl. ¶ 4.29. Clay Lacy knew or should have known that the aviation exclusion could mean no Accidental Death and Dismemberment Coverage for the death of *any* Clay Lacy employee-pilot operating a Clay Lacy plane. *Id.* ¶ 4.31. Yet, on information and belief, Clay Lacy and Prudential negotiated the aviation exclusion to protect Clay Lacy's bottom line. *Id.* ¶ 4.31. Clay Lacy had multiple opportunities to revisit, amend, or otherwise rework the Plan, but failed to do so. *Id.* ¶ 1.3.

Not only does Clay Lacy's conduct depart from the industry standard, but for multiple legal reasons alleged in the Amended Complaint, the aviation exclusion should not apply. Am. Compl. ¶ 4.29. In Count One, Plaintiffs seek payment of benefits and allege that if the aviation exclusion were interpreted to exclude payment of the Accidental Death and Dismemberment Coverage, this would make the benefit illusory and unconscionable. *Id.* ¶ 5.6.[1] In Count Two, Plaintiffs seek equitable and injunctive relief for Clay Lacy's fiduciary breaches of duty and loyalty, because Clay Lacy placed its interests ahead of PlaintiCal.ffs and the Plan. *Id.* ¶¶ 5.17-5.22.

## III. ARGUMENT

### A. Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted.

Plaintiffs reiterate the dismissal standard set out in prior briefing, which starts with the axiom that when ruling on a Rule 12(b)(6) motion to dismiss, reviewing courts must "accept the complaint's well-pleading factual allegations as true, and construe all inferences in the plaintiff's favor." *Koala v. Khosla*, 931 F.3d 887, 894 (9th Cir. 2019). Where fraud or mistake are alleged, the heightened pleadings standard of Rule 9(b) applies. Ultimately, the court "must determine if these materials present 'sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Koala*, 931 F.3d at 894 (quoting *OSU Student All. V. Ray*, 699 F.3d 1053, 1061 (9th Cir. 2012)). Complaints survive Rule 12(b)(6) dismissal challenges when they are plausible on their face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint should not be dismissed "unless it

[1] The Order Granting Motions to Dismiss (Dkt. No. 31) did not analyze contract defenses, and the Amended Complaint affirmatively pleads them as the part of the theory of recovery for Claim One. Am. Compl. ¶ 5.6.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

appears beyond doubt that [the] plaintiff can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Wyler Summit P'ship v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998 (citation and quotation marks omitted). "It is axiomatic that the motion to dismiss for failure to state a claim is reviewed with disfavor and is rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation and quotation marks omitted).

**B. Clay Lacy is a "fiduciary" and properly-named defendant.**

Clay Lacy's primary attack on Count One, but an argument later repeated for Count Two, centers on Clay Lacy's view that Plaintiffs cannot state a claim for denied benefits because Clay Lacy was not a fiduciary. Per Clay Lacy, it "neither administers . . . nor pays" benefits and had "no authority to resolve benefit claims or any responsibility to pay them[.]" Mot. at 4.

But Plaintiffs allege—and the Plan shows—otherwise. The Court cannot take Clay Lacy at its word, but rather must consider the plausibility of the facts alleged. And here, the Amended Complaint alleges that Clay Lacy "possessed discretionary authority or control over payment of benefits." Am. Compl. ¶ 5.4. Any reasonable interpretation of the Plan that Clay Lacy has submitted in support of the Motion shows this: **Clay Lacy is specifically identified as the "Plan Administrator[.]**" Dkt. No. 34-1 at 74. As this Court previously acknowledged, plan administrators can be liable for denial of benefits where they possess discretionary authority to administer. *See* Order Granting Motions to Dismiss, Dkt. No. 31 at 7 ("A fiduciary is any entity that . . . has any discretionary authority of discretionary responsibility in the administration of such plan[,]" citations omitted). *See also*, *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3d 1202, 1207 (9th Cir. 2011) ("We conclude . . . that potential liability under 29 U.S.C. § 1132(a)(1)(B) is not limited to a benefits plan or the plan administrator"). A fair interpretation of the Plan, as alleged in the Amended Complaint, shows that Clay Lacy *at least* possessed the discretionary authority to deny benefits. For purposes of the pleading stage, the Amended Complaint alleges sufficient facts for a benefits claim against Clay as the Plan Administrator. *See* Dkt. No. 34-1 at 74. As a plan administrator, Clay Lacy is a fiduciary.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Even if Clay Lacy could delegate its discretionary authority solely to Prudential (which Clay Lacy does not argue, *see* Mot. at 4-5) as employer and "Plan Sponsor" (Dkt. No. 34-1 at 74), Clay Lacy still retained discretionary authority, or at least retained "ultimate authority," or both. *Cyr v. Reliance Std. Life Ins. Co.*, 525 F.Supp.2d 1165, 1174 (9th Cir. 2007).[2]

Clay Lacy is a fiduciary and properly named defendant.

### C. Plausible contract defenses alleged in Count One, Section 502(a)(1)(B) (failure to pay benefits), bar enforcement of the aviation exclusion.

Clay Lacy agrees with Plaintiffs that the tragic plane crash was an "accidental loss," but in its fallback argument for Count One, Clay Lacy insists that Plaintiffs fail to state a claim for benefits because an aviation exclusion bars recovery. Mot. at 4. But the Amended Complaint expressly alleges that contract defenses apply to Claim One. Am. Compl. ¶ 5.6 ("If [the aviation exclusion] were [to apply], this would make the Accidental Death and Dismemberment Coverage illusory, unconscionable, and objectionable on equitable, contractual and public policy grounds"). And when the contract defense are analyzed, the result is that benefits are owed to Plaintiffs, because (1) contracts must be interpreted so that they are not illusory, and (2) contracts are voidable when unconscionable.

To analyze the plausibility of the contract defenses that Plaintiffs affirmatively alleged in the Amended Complaint, as a threshold matter, Plaintiffs apply federal common law of contracts and assume either Washington or California as the borrowed state law. *See Platt v. Sodexo, S.A.*, 148 F.4th 709, 722 (9th Cir. 2025).

***Illusory contract* —** "Preference must be given to reasonable interpretations as opposed to those that are unreasonable, **or would make the contract illusory**." *Hall v. Regence BlueCross BlueShield of Or./HMO Or.*, Civil No. 00-695-AS, 2001 U.S. Dist. LEXIS 9856, at *5 (D. Or.

---

[2] Clay Lacy cannot argue that it gave discretion solely to Prudential, because the delegation paragraph does not apply in California, Oregon, and Washington. *See* Dkt. No. 34-1 at 75 ("*This paragraph does not apply to residents of CA . . . OR . . . WA.").



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Mar. 6, 2001) (emphasis added). Limited federal common law case law expands what illusory means. *But see id.*; *MacDonald v. CashCall, Inc.*, 883 F.3d 220 (3rd Cir. 2018). But, under gap-filling, congruent law in Washington and California, contracts are not enforceable where they are illusory. *See, e.g., Goodpaster v. Prizer, Inc.*, 35 Wn.App. 199 (Div. I 1983) (Washington); *Hoogerwerf v. Cellular Tech. Ser, Inc.*, 101 Wn.App. 1029 (Div. I 2000) (Washington); *Steiner v. Thexton* 48 Cal.4th 411 (2010) (California).

As applied here, it is plausibly alleged that the illusory defense to contract bars enforcement of the aviation exclusion. Clay Lacy is an aviation company that hires pilots to fly charted planes on its behalf. It pays Prudential to underwrite the risks of "accidental death" for Clay Lacy pilot-employees and it holds itself to potential and current employees out as providing "fully paid" "life insurance" benefits. But if the alleged aviation exclusion bars aviation-related deaths of Clay Lacy employee-pilots, Prudential has misrepresented, or at least overrepresented, the benefit, which will never be paid out to beneficiaries. No Clay Lacy pilot-employee has meaningful coverage in the event of an unfortunate—but anticipated—work fatality. So, the illusory part of the contract, the aviation exclusion, cannot be enforced.

***Unconscionability* —** Gap-filling state law from Washington and California holds that unconscionability bars contract enforcement, either for the contract as a whole or just the unconscionable clause. *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 344-45, 359 (2004) (applying Washington law to severe contract's unconscionable clause); *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 910-11 (2015) (reasoning that under California law, "[c]ourts may find a contract as a whole "or any clause of the contract" to be unconscionable). *See also*, U.C.C. § 2-302 (codifying unconscionability for UCC contracts).

As applied here, the Amended Complaint sufficiently sets out plausible factual allegations to establish unconscionability, both procedural (means of contract formation) and substantive (the contract terms). Regarding procedural unconscionability, it is alleged that, in contradiction to the industry standard, Clay Lacy, which is an aviation company, negotiated a contract that excluded



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

coverage for the foreseeable, unfortunate event of an employee plane crash. After this happened, for each year since, Clay Lacy has continued to renew and pay premiums, without seeking to modify the Plan, and while continuing to misrepresent itself as providing full benefits to its employee-pilots. Regarding substantive unconscionability, the contract purports to provide Accidental Life and Dismemberment Coverage to Clay Lacy employees. But because Clay Lacy is an aviation company that employs pilots to fly chartered planes, its employee-pilots can never utilize the benefit in the event of a tragic work-related crash. Such alleged facts provide strong, plausible grounds for the Court to disregard the alleged aviation exclusion and otherwise enforce the life insurance contract. [3]

The Amended Complaint alleges a plausible claim for failure to pay benefits in view of the illusory contract and unconscionability allegations, Am. Compl. ¶ 5.6, and Clay Lacy's Motion as to this claim should be denied.

**D. Plaintiffs plausibly allege fiduciary breaches of prudence and loyalty, Count Two.**

Clay Lacy's challenges to Count Two fail.

*First*, Clay Lacy takes issue with Plaintiffs' fiduciary claim because it presupposes that Clay Lacy was a fiduciary, and Clay Lacy states that it could not have been a fiduciary where it lacked "any authority or responsibility" in the claims administration or payment of benefits. Mot. at 4. But as discussed above, Clay Lacy was "Plan Administrator" (Dkt. No. 34-1 at 74), and the contract clause delegating Prudential "sole discretion" to determine benefit eligibility "does not apply[]" in California or Washington. *Id.* at 75. Clay Lacy is a "fiduciary," for both Count One and Count Two.

---

[3] Important facts in this case provide strong reason to distinguish this case from an otherwise facially similar aviation case analyzing the unconscionability of an aviation exclusion and payment of benefits, *Ofir v. Transamerica Premier Life Ins. Co.*, No. 17cv1544-MMA (JMA), 2018 U.S. Dist. LEXIS 36754 (S.D. Cal. Mar. 6, 2018). *Ofir* did not involve interpreting the aviation exclusion of a policy benefitting employees of an aviation employer. And here, Prudential issued (and Clay Lacy purchased) a product that by its description *should have* provided an accidental death benefit to aviation employees, unlike in *Ofir*, where there are no facts about the decedent's employment as a pilot or general purposes of the plan. *See id.* at **15-26.



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Next*, Clay Lacy argues that Count Two fails because it is a "repackaged" claim for benefits. Mot. at 5. But as addressed at length by Plaintiffs in prior briefing, Dkt. No. 25 at 22-23, "ERISA Plaintiffs are permitted to plead alternative and inconsistent theories of liability[.]" *Christine S. v. Blue Cross Blue Shield of New Mexico*, 428 F.Supp.3d 1209, 1220 (D.Utah 2019). And here, Count One, failure to pay benefits, proceeds under a breach of contract theory, whereas the fiduciary claim, Count Two, centers on fiduciary breaches and originates in trust law. *See Warmenhoven v. NetApp, Inc.*, 13 F.4th 717, 726 (9th Cir. 2021). The claims also differ in the remedies sought—contract damages, versus "appropriate equitable relief" of reformation, equitable estoppel, and surcharge. Dkt. No. 25 at 23, citing *Warmenhoven*, 13 F.4th at 729. *See also*, Am. Compl. ¶ 5.22 (requesting equitable surcharge, equitable reformation, or Plan modification). At this stage in particular, the possibility that theories of liability or remedies *could* possibly overlap does not militate dismissal.

*Finally*, Clay Lacy argues that an employer is only a fiduciary "to the extent" it performs a fiduciary function, and according to Clay Lacy, the negotiation, issuance and continued renewal of a life insurance policy that could never provide Clay Lacy pilots with life benefits "is not a fiduciary act." Mot. at 4. Thus, no duty could plausibly be owed, per Clay Lacy. But Clay Lacy gets the law wrong, because "**Congress chose not to enumerate all the fiduciary duties owed**." *Pitsko v. Gordon Food Servs.*, No. 3:24cv1055, 2025 U.S. Dist. LEXIS 178127, at *16 (M.D. Pa. Sep. 11, 2025) (quoting *Jordan v. Fed. Exp. Corp.*, 116 F.3d 1005, 1013 (3rd Cir. 1997).

Clay Lacy owes (and breached) its duties of loyalty, meaning the "discharge [of] duties with respect to a plan solely in the interest of the participants and beneficiaries," and of prudence, which is acting "with the care, skill, prudent, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a). Breach occurs where a fiduciary "prevents or interferes with the receipt of benefits to which a participant is entitled."



KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

*Gregory v. Texasgulf, Inc.*, Civ. No. B-84-88 (WWE), 1990 U.S. Dist. LEXIS 13230, at *1 (D. Conn. Sep. 27, 1990) *affirmed on appeal*, *Gregory v. Texasgulf, Inc.*, 992 F.2d 320 (2d Cir. 1993).

As applied, the Amended Complaint sufficiently alleges breaches of duties of loyalty and prudence. Clay Lacy is an aviation employer that hires pilots and holds itself out as providing "fully paid" benefits, including life insurance benefits, to employee pilots. Am. Compl. ¶ 5.14. But this is untrue, because the Plan will never meaningfully provide an Accidental Death and Dismemberment to its employee-pilots. *Id.* ¶ 5.15. Clay Lacy knew or should have known this, especially given the industry standard, yet since the Plan's negotiation and issuance Clay Lacy has multiple times over renewed the Plan without taking any corrective action. *Id.* ¶ 5.15. Clay Lacy has put its bottom line first, failing to act in the best interest of the Plan's beneficiaries, including Mr. Towe and Mr. Berliner, and this violates Clay Lacy's fiduciary duties. *Id.* ¶¶ 5.17, 5.18.

In sum, the Amended Complaint sufficiently alleges a fiduciary breach claim. Clay Lacy's request to dismiss Count Two fails and the Motion should be denied.

## IV. CONCLUSION

Clay Lacy's Motion should be denied. The Amended Complaint withstands Clay Lacy's plausibility challenge and states a claim upon which relief should be granted.

DATED this 3rd day of April, 2026.

Respectfully submitted,

By: *s/ Nathan L. Nanfelt*

Benjamin J. Lantz, WSBA #25057
Nathan L. Nanfelt, WSBA #45273
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3400
Seattle, WA 98101-3268
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
Email: blantz@kellerrohrback.com
Email: nnanfelt@kellerrohrback.com

I certify that this memorandum contains 3,157 words, in compliance with the Local Civil Rules.

***Attorneys for Plaintiffs***