UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHERYL ALOFF et al.,<br><br>Plaintiffs,<br>v.<br><br>THE PRUDENTIAL INSURANCE COMPANY OF AMERICA et al.,<br><br>Defendants. | CASE NO. 3:25-cv-05834-DGE<br><br>ORDER GRANTING MOTIONS TO DISMISS (DKT. NOS. 34, 35) |

Before the Court are Defendants Clay Lacy Aviation, Inc. ("Clay Lacy") and The Prudential Insurance Company of American's ("Prudential") motions to dismiss (Dkt. Nos. 34, 35) Plaintiffs amended complaint (Dkt. No. 32).[1] Plaintiffs sued Defendants for alleged violations of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a). Plaintiffs contend Defendants failed to pay "life insurance" benefits by failing to pay accidental

[1] Plaintiffs request oral argument. (Dkt. No. 36 at 1.) The Court finds that oral argument would not be helpful to the Court's disposition of this motion and denies Plaintiffs' request. *See* LCR 7(b)(4).

death and dismemberment ("AD&D") benefits following the death of their husbands. (*See* Dkt. No. 32 at 1.) For the following reasons, the Court GRANTS the motions to dismiss.

## I FACTUAL AND PROCEDURAL BACKGROUND

In 2017, Defendants negotiated the terms of a life insurance plan, Prudential Group Policy G-61476-CA ("the Plan"), which covered qualifying employees of Clay Lacy, including pilots.[2] (Dkt. No. 32 at 3; *see also* Dkt. Nos. 34-1, 35-2 at 2.) The Plan shows that Clay Lacy pays for basic employee term life coverage and basic AD&D coverage for all eligible employees. (*See* Dkt. No. 34-1 at 10–11, 15–17, 45–46.) According to the Plan, basic term life coverage is payable when Prudential receives written proof of death. (*Id.* at 27.) There are no allegations that Plaintiffs have been denied basic term life coverage.

AD&D coverage, on the other hand, pays benefits for accidental loss—including loss of life—only if certain conditions are met. (*See id.* at 45–46.) Relevant here, a loss is not covered, and AD&D coverage is not extended, if the loss results from "[t]ravel or flight in any vehicle used for aerial navigation." (*Id.* at 47.) This exception applies only if "the person is riding as a passenger in any aircraft not intended or licensed for the transportation of passengers;" "performing as a pilot or crew member of any aircraft;" or "riding as a passenger in an aircraft owned, leased or operated by" their employer. (*Id.*)

[2] Defendants attach the Plan to their motions to dismiss. (*See* Dkt. Nos. 34-1, 35-3.) "Under the 'incorporation by reference' doctrine, even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *See Ecological Rts. Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013) (internal quotations and brackets omitted); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) ("incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself"). Plaintiffs do not "question the authenticity of the [documents]." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). Therefore, the Court may properly consider them.

On February 7, 2024, Plaintiffs' partners, pilots employed by Clay Lacy, died in an airplane crash. (Dkt. No. 32 at 5.) Plaintiffs, as beneficiaries under the Plan, both made a "life insurance" claim with Prudential for AD&D coverage, which were denied. (*Id.* at 3, 5–6.) Plaintiffs appealed the claim denials, which Prudential upheld. (*Id.* at 5–6.) In both the denial letter and appeal denial letters, Prudential cited the aviation exclusion in the AD&D coverage as a reason to deny AD&D benefits. (*Id.* at 6.) Plaintiffs allege that prior to the benefits denial, a Prudential employee "forecasted the decision" in a telephone call, stating, "'[d]on't blame us [Prudential]. This is Clay Lacy, they were the ones to put the [aviation] exclusion in [the life insurance policy].'"[3] (*Id.*)

Plaintiffs filed suit against Defendants for (1) recovery of plan benefits under ERISA, (2) breach of fiduciary duties, (3) equitable relief, and (4) violations of California and Washington state law. (Dkt. No. 1 at 1, 5–10.) On February 17, 2026, the Court granted Defendants' motions to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 31.) In its order, the Court determined Plaintiffs did not allege facts sufficient to state a claim of recovery of benefits under ERISA, as Plaintiffs did not articulate an insurance plan term which would entitle them to recover AD&D benefits. (*Id.* at 5–6.) Relatedly, the Court dismissed Plaintiffs' breach of fiduciary duties claims because they relied on Defendants alleged failure to pay AD&D benefits. (*Id.* at 10.) Finally, the Court dismissed Plaintiffs' claims under California's Unfair Competition Law and Washington's Consumer Protection Act, concluding that they were preempted under ERISA. (*Id.* at 13.) The Court granted Plaintiffs leave to amend their complaint. (*Id.* at 14.)

---

[3] The Court notes that Plaintiffs insert their characterization of the Prudential employee's description of type of policy involved rather than identify the precise words the Prudential employee stated.

Plaintiffs filed their amended complaint on March 3, 2026 and asserted two causes of action against Defendants for (1) recovery of plan benefits under ERISA and (2) breach of fiduciary duties. (Dkt. No. 32 at 1, 7–10.) Plaintiffs allege that Clay Lacy knew or should have known the aviation exclusion in the AD&D coverage would result in the denial of AD&D benefits for the death of any pilot operating an airplane for Clay Lacy, yet "Clay Lacy held itself out and represented publicly that it was an employer offering its airplane pilot employees 'fully paid' benefits including 'life insurance.'" (*Id.* at 4–5.) Plaintiffs contend Defendants breached their fiduciary duties because Clay Lacy made false or misleading representations regarding its "fully paid" life insurance and Prudential continued to collect premiums from policyholders despite "its knowledge that Clay Lacy pilots operating Clay Lacy airplanes could never benefit from [AD&D] 'coverage.'" (*Id.* at 5.)

Defendants moved to dismiss Plaintiff's amended complaint for failure to state a claim. (Dkt. Nos. 34, 35.)

## II LEGAL STANDARD

Federal Rule of Civil Procedure 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be

enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true [even if doubtful in fact]." *Id.* The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001) (internal citation omitted).

## III DISCUSSION

### A. Recovery of Benefits Under 29 U.S.C. § 1132(a)(1)(B)

29 U.S.C. § 1132(a)(1)(B) provides, in relevant part, that "[a] civil action may be brought by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "To state a claim under [29 U.S.C. § 1132(a)(1)(B)], a plaintiff must allege facts that established (1) the existence of an ERISA plan as well as (2) the provisions of the plan that entitle it to benefits." *Reiten v. Blue Cross of Cal.*, Case No. 2:19-cv-05274-AB-AFM, 2020 WL 1032371, at *2 (C.D. Cal. Jan. 23, 2020) (citation omitted).

Defendants argue that Plaintiffs' first cause of action fails because they do not qualify for AD&D coverage due to the aviation exclusion. (Dkt. Nos. 34 at 4; 35 at 6–8.) Plaintiffs do not dispute that the explicit terms of the aviation exclusion make it so no benefits are payable for losses arising out of "[t]ravel or flight in any vehicle used for aerial navigation" when the

participant "is performing as a pilot or crew member."[4] (Dkt. Nos. 32 at 4 ("[T]he aviation exclusion excludes Accidental Death and Dismemberment Coverage for foreseeable, but unfortunate work-related deaths of aviation pilots employed by an aviation company"); 34-1 at 54 (Plan terms).) Instead, Plaintiffs contend that "[t]he aviation exclusion should not be interpreted to exclude payment of the [AD&D] Coverage[,]" because if it were, "this would make the [AD&D] Coverage illusory, unconscionable, and objectionable on equitable contractual, and public policy grounds." (Dkt. No. 32 at 7.). However, to the extent Plaintiffs rely on state law, that argument is preempted by ERISA.

In *Noecker v. Southern California Lumber Industries Welfare Fund*, the plaintiff—a participant in an employer healthcare plan covered by ERISA—incurred large medical bills during a helicopter accident. Case No. 2:09-cv-05922-DMG-SS, 2011 WL 13147419, at *1–2 (C.D. Cal. Feb. 25, 2011), *aff'd*, 522 Fed. Appx. 411 (9th Cir. 2013) (unpublished). When the plan learned the plaintiff was pursuing a tort lawsuit against the responsible parties, it denied the "hospital and provider claims for Plaintiff's medical treatment" pursuant to a clause in the plan that authorized the "denial of benefits for injuries caused by third parties when the injured Plan participant is pursuing or intends to pursue a claim or lawsuit for damages against the third party." *Id.* In response, the plaintiff sued the plan under a variety of theories, including that the provision at issue was "unconscionable and contrary to public policy." *Id.* at *3. The district court rejected this argument and granted summary judgment in favor of the plan. *Id.* at *7. First,

[4] In Plaintiffs' opposition to Prudential's motion to dismiss, Plaintiffs request permission to conduct discovery on contractual intent. (Dkt. No. 38 at 12.) Quoting *United States v. Westlands Water District*, 134 F. Supp. 2d 1111, 1136 (E.D. Cal. 2001), Plaintiffs state, "Under federal common law 'extrinsic evidence may be utilized to interpret the parties' intent in light of earlier negotiations, later conduct, related conduct, related agreement, and **industry-wide custom**' where a contractual term is ambiguous." (*Id.*) However, the terms of the Plan's aviation exclusion is *un*ambiguous. Thus, the intent of the parties is irrelevant.

the court held that to the extent the plaintiff's claim of substantive unconscionability was based on state law, the claim failed because such "state law grounds are preempted by ERISA." *Id.* at *5. Second, the court held that, "[t]o the extent Plaintiff argues that the Court should create and apply a *federal* common law doctrine of unconscionability, such an argument is foreclosed by well-established precedent" establishing that "ERISA mandates no minimum substantive content for employee welfare benefit plans, and therefore a court has no authority to draft the substantive content of such plans." *Id.* at *6 (quoting *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 411 (9th Cir. 1995)). The Ninth Circuit affirmed, explaining that, "[r]egardless of the wisdom of the exclusion, . . . Noecker's attorney conceded at oral argument that it violates no provision of ERISA, and we are not free to amend the Plan to our liking." *Noecker v. S. Cal. Lumber Indus. Welfare Fund*, 522 F. App'x 411, 414 (9th Cir. 2013).

Citing *Platt v. Sodexo, S.A.*, 148 F.4th 709, 722 (9th Cir. 2025), Plaintiffs state they apply "federal common law of contracts and assume either Washington or California as the borrowed state law" in support of their argument regarding the illusory and unconscionable nature of the aviation exclusion. (Dkt. Nos. 36 at 9; 38 at 9–10.) However, *Platt* held that the availability of the plaintiff's unconscionability defense did not turn on state law because it was "rooted in and arise from federal statutes and federal common law"—*i.e.* the Federal Arbitration Act—not state law. 148 F.4th at 722. Plaintiffs' illusory and unconscionability arguments do not arise from federal statutes or federal common law. In fact, Plaintiffs cite *only* state law for their unconscionability argument. (*See* Dkt. No. 38 at 10). As to their illusory argument, Plaintiffs cites *Hall v. Regence Bluecross Blueshield of Oregon/HMO Oregon*, Case No. 3:00-cv-00695-AS, 2001 WL 34041892, at *2 (D. Or. Mar. 6, 2001) for the proposition that "[p]reference must be given to reasonable interpretations as opposed to those that are unreasonable, or that would

make the contract illusory."[5] (Dkt. No. 38 at 10.) But Plaintiffs merely state a general principle for federal common law contract interpretation; they do not otherwise state *how* the aviation exclusion is illusory.[6]

Because AD&D benefits are not payable under the terms of the Plan and because Plaintiffs' contract defenses are inapplicable, Plaintiffs do not state a claim for recovery of benefits under ERISA § 502(a)(1)(B). Count One is DIMISSED.[7]

**B. Breach of Fiduciary Duties Under 29 U.S.C. §§ 1104, 1105, and 1109**

"To establish an action for equitable relief under . . . 29 U.S.C. § 1132(a)(3), the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must violate ERISA-imposed fiduciary obligations." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1178 (9th Cir. 2004) (internal citation and quotations omitted). In other words, the elements Plaintiff must prove to prevail on the claim under § 1132(a)(3) for breach of fiduciary duty are: "(1) Defendants were Plan fiduciaries, (2) Defendants breached their fiduciary duties, and (3) the breach caused harm to Plaintiffs." *See LYMS, Inc. v. Millimaki*, No. 08-cv-1210-GPC-NLS, 2013 WL 1147534, at *9

[5] *Hall* states that four general principles of federal common law control contract interpretation; the other three principles are "[a] written contract must read as a whole and every part interpreted with reference to the whole;" "[t]he fact that the parties dispute a contract's meaning does not establish that the contract is ambiguous;" and "[a] contract is ambiguous if reasonable people could find its terms susceptible to more than one interpretation." 2001 WL 34041892 at *2 (quoting *FDIC v. New Hampshire Ins. Co.,* 953 F.2d 478, 481 (9th Cir. 1991) (citations omitted)).

[6] Plaintiffs state that Clay Lacy "holds itself to potential and current employees as providing 'fully paid' 'life insurance' benefits, which Plaintiffs argue misrepresents, or at least overrepresents, the benefits provided. (Dkt. No. 36 at 10.) However, Plaintiffs do not argue they did not receive life insurance benefits from the Term Life Coverage—which are benefits separate and distinct from benefits provided by the AD&D coverage.

[7] Clay Lacy further argues that Count One does not state a claim against Clay Lacy because Clay Lacy "neither administers AD&D claims nor pay AD&D benefits." (Dkt. No. 34 at 3–4.) Because the Court dismisses Count One based on the Plan terms and the inapplicability of Plaintiffs' public policy defenses, the Court does not reach this argument.

(S.D. Cal. Mar. 19, 2013) (citing *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 465 (7th Cir. 2005)).

Defendants argue they did not act as ERISA fiduciaries, and they further did not perform a fiduciary function. (Dkt. Nos. 34 at 4; 35 at 9–10.) However, even assuming without deciding that Defendants *were* fiduciaries and performed a fiduciary function, Plaintiff fails to allege facts showing that Defendants *breached* their fiduciary duties. Plaintiffs claim that Defendants breached their fiduciary duties when (1) Clay Lacy represented that it offered "fully paid" benefits including "life insurance"; (2) Prudential continued to collect premiums "despite its knowledge that the life insurance policy departed from the practice of other insurers of aviation companies[,]" and further breached their (3) duty of due care, *see* 29 U.S.C. § 1104(a)(1)(B). (Dkt. No. 32 at 8–9.) Plaintiffs allege because of Defendants' breaches, they "have not received the benefits to which they are entitled under the life insurance plan[.]" (*Id.* at 9.) But as the Court stated in its previous order, "[b]ecause Plaintiffs fail to state a claim as to whether they are entitled to AD&D benefits under ERISA, Plaintiffs' theory that Defendants breached their fiduciary duties by failing to pay such benefits must also be dismissed for failure to state a claim."[8,9] (Dkt. No. 31 at 10.)

[8] Clay Lacy argues in the alternative that Count Two fails because "it is a repackaged claim seeking benefits under the Plan." (Dkt. No. 34 at 5.) As stated the Court's previous order granting Defendants' motions to dismiss, "a plaintiff could plead alternative theories of recovery under § 1132(a)(1)(B) and § 1132(a)(3), so long as the plaintiff does not ultimately 'obtain[ ] double recoveries.'" (Dkt. No. 31 at 10 n.5 (quoting *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 960 (9th Cir. 2016)).

[9] Clay Lacy argues that Plaintiffs' ERISA § 502(a)(2) claims should be dismissed because they are brought on behalf of themselves in their individual capacities. (Dkt. No. 34 at 4.) The fiduciary relationship is one with the plan as a whole, and individual beneficiaries bringing a breach of fiduciary duty claim must do so for the benefit of the plan—not to recover solely for individual injuries. *See LaRue v. DeWolff, Boberg & Assocs., Inc.,* 552 U.S. 248, 254 (2008) (29 U.S.C. § 1109 "does not provide a remedies for individual injuries distinct from plan injuries"); *Wise v. Verizon Commc'ns, Inc.,* 600 F.3d 1180, 1189 (9th Cir.2010) ("The claim for fiduciary breach gives a remedy for injuries to the ERISA plan as a whole, but not for injuries suffered by

**C. Leave to Amend**

Plaintiffs have not requested leave to amend. The Court, therefore, dismisses Plaintiffs' claims with prejudice. To the extent Plaintiffs believe amendment could cure the deficiencies identified, Plaintiffs may file a motion to reconsider within the time prescribed by the rules and include as part of the motion a proposed amended complaint (in redline) for consideration. In such event, Plaintiffs' motion should identify the modifications made and their reasons why such modifications cure the deficiencies identified.

**D. Attorney Fees and Costs**

Clay Lacy requests the Court exercise its discretion and award it reasonable attorney fees and costs pursuant to ERISA § 502(g). (Dkt. No. 34 at 2, 5.) Pursuant to 29 U.S.C. § 1132(g)(1), courts have discretion to award reasonable attorney fees to either party in any action by an ERISA-plan participant, beneficiary, or fiduciary, as long as the fee claimant has achieved "some degree of success on the merits." *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983); *Credit Managers Ass'n of S. Cal. v. Kennesaw Life and Acc. Ins. Co.*, 25 F.3d 743, 747 (9th Cir. 1994). The overriding purpose of ERISA is to provide relief to beneficiaries with legitimate claims. *See Smith v. CMTA–IAM Pension Trust,* 746 F.2d 587, 589 (9th Cir. 1984). The Ninth Circuit has frequently expressed their disfavor of awards of attorney fees against individual ERISA plaintiffs who seek pension benefits to which they believe they are entitled. *See Credit Managers,* 25 F.3d at 748; *Flanagan v. Inland Empire Elec. Workers Pension Plan,* 3 F.3d 1246, 1253 (9th Cir. 1993); *Tingey v. Pixley–Richards West, Inc.,* 958 F.2d 908, 909 (9th Cir. 1992). Their position "reflects the fact that the equitable factors set forth in *Hummell v. S.E.*

---

individual participants."). Thus, Plaintiffs' claims pursuant to § 502(a)(2) are also dismissed on this basis.

*Rykoff & Co.,* 634 F.2d 446, 452–453 (9th Cir. 1980),[[10]] 'very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs.'" *Credit Managers,* 25 F.3d at 748 (internal quotation omitted).

At this stage, the Court declines to award attorney fees to Clay Lacy. Clay Lacy provides only one paragraph in its motion to dismiss as to why it is entitled to attorney fees (*see* Dkt. No. 34 at 5–6) and provides no analysis as to the *Hummell* factors.[11]

## IV CONCLUSION

Accordingly, and having considered Defendants' motions to dismiss, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Prudential's and Clay Lacy's motions to dismiss (Dkt. Nos. 34, 35) are GRANTED. Plaintiffs' claims are DISMISSED with prejudice.

The Clerk is directed to close this matter.

Dated this 17th day of August, 2026.

David G. Estudillo
United States District Judge

[10] The *Hummell* factors are: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party would deter others from acting in similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions. *Hummell,* 634 F.2d at 453.

[11] Furthermore, Clay Lacy does not mention its request for attorney fees in its reply brief. (*See generally* Dkt. No. 37.)